GLENN E., JR., AND PHOEBE J. BEYNON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beynon v. Commissioner
Docket No. 3256-81.
United States Tax Court
T.C. Memo 1982-349; 1982 Tax Ct. Memo LEXIS 406; 44 T.C.M. (CCH) 212; T.C.M. (RIA) 82349; June 21, 1982. Jack D. Flesher, for the petitioners. Charles N. Woodward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for the taxable year 1977 in the amount of $2,507. The sole issue for decision is whether petitioner Glenn E. Beynon, Jr. is entitled to deduct as educational expenses under section 162 [1] certain payments for flight-training expenses for which he received nontaxable reimbursement from the Veterans Administration. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached *407 exhibits are incorporated herein by reference. The pertinent facts are as follows. Petitioners Glenn E. Beynon, Jr. (hereinafter petitioner) and Phoebe J. Beynon are husband and wife and resided in Derby, Kansas when they filed their petition in this case. They timely filed a joint Federal income tax return for the year 1977. Petitioner retired from the United States Air Force in February 1976. At that time he was licensed as a commercial aircraft pilot with an instrument rating, and was qualified and licensed to pilot all types of light multi-engine aircraft as well as some heavy multi-engine aircraft, and carry passengers and cargo for hire. In September 1976 petitioner was employed by Flightsafety International, Inc. (FSI), as a flight simulator training instructor. FSI has its principal office in New York, New York, but operates flight training centers in several locations, including Wichita, Kansas, for pilots of various types of fixed-wing aircraft. Petitioner was employed by FSI throughout 1977. Sometime in 1977 FSI suggested to petitioner that he enroll in a two-week FSI training course concerning a certain type of transport aviation. On September 6, 1977, the *408 Veterans Administration advised petitioner by way of a "Certificate of Eligibility" that he was entitled to receive veterans benefits with respect to the cost of an ATP-Lear Jet trainging course to be taken at FSI. He began the course on September 17, 1977 and completed it on September 30, 1977. On November 15, 1977 petitioner paid FSI the sum of $10,006.75 for the training course. As a consequence of his previous military service, petitioner was entitled to, and received during the year 1977, a veterans benefit payment pursuant to 38 U.S.C. sec. 1677 (1976) in the amount of $8,794 to reimburse him for a portion of the cost of the flight-training course. Pursuant to section 38 U.S.C. sec. 3101(a) (1976), petitioner did not report the reimbursement as income on his 1977 tax return. The flight-training course maintained and improved the skills required in order for petitioner to carry out his duties as a flight simulator training instructor. The course was not required in order for him to meet the minimum educational requirements for qualification in his trade or business as an employee of FSI. It also did not qualify him for a new *409 trade or business. On his 1977 income tax return petitioner deducted $10,007 as educational expense. Respondent disallowed $8,794 of this amount, representing the portion of the expense which was reimbursed by the Veterans Administration. The parties agree that the amount paid for the flight-training course qualifies as an educational expense under section 1.162-5, Income Tax Regs. However, respondent maintains that the disallowed portion is nondeductible on either of two grounds: (1) petitioner suffered no economic detriment with respect to the claimed deduction, and (2) the deduction is allocable to tax-exempt income and therefore nondeductible under section 265(1). Petitioner, on the other hand, argues that he incurred an economic detriment when he paid for the flight-training course; that section 265(1) does not apply because the expense is not allocable to the reimbursement; and that respondent is estopped from denying the claimed deduction. In Manocchio v. Commissioner,78 T.C. No. 70 (June 14, 1982), we addressed these issues under similar circumstances and held that the deduction claimed by the taxpayer for reimbursed flight-training expenses was disallowed *410 by section 265(1). We further held that the Commissioner was not estopped from disallowing the deduction. Manocchio is dispositive of this case. Accordingly, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩